# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

VENICE PI, LLC,

    Plaintiff,

v.

CHRISTINA BRUMANN (formerly known as Christina Bannon-Durant),

    Defendant.

C17-1219 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff Venice PI, LLC's motion, docket no. 59, to dismiss its claims against defendant Christina Brumann, formerly known as Christina Bannon-Durant, **without prejudice** is GRANTED. Plaintiff initiated this action against ten defendants associated with different Internet Protocol ("IP") addresses that were allegedly part of a "swarm" infringing plaintiff's copyrights in the motion picture "Once Upon a Time in Venice." Christina Brumann is the sole remaining defendant. On April 22, 2019, plaintiff filed a notice of voluntary dismissal, docket no. 59, which the Court treated as a motion to dismiss without prejudice. *See* Minute Order (docket no. 60). Brumann has responded and requested that the Court dismiss plaintiff's claims against her with prejudice and award her attorney's fees under the Copyright Act in an amount to be determined later. Under the Copyright Act, attorney's fees are discretionary, and the Court can decline to award them. *See Killer Joe Nevada, LLC v. Does 1-20*, 807 F.3d 908, 911 (8th Cir. 2015); *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200-01 (10th Cir. 2005); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (setting forth the following nonexclusive factors: frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case),

MINUTE ORDER - 1

and the need in particular circumstances to advance considerations of compensation and deterrence). When plaintiff filed this action, the law was unsettled, and the copyright infringement claim asserted by plaintiff was arguably "plausible." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even if the Court dismissed plaintiff's claims against Brumann with prejudice, the Court would not award Brumann attorney's fees under the Copyright Act. Thus, the prospect of attorney's fees is not a basis to dismiss this matter with prejudice. Brumann contends that, unless this action is dismissed with prejudice, she will live in fear of plaintiff filing another lawsuit against her. Brumann's concern should be alleviated by *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018), which set forth a binding pleading standard for these types of cases. In the absence of "something more" than just an IP address as evidence, *see id.* at 1145, any renewed pursuit of copyright infringement claims against Brumann might constitute the type of bad faith and vexatious conduct that could subject plaintiff and/or its attorney to sanctions under the Court's inherent power and/or 28 U.S.C. § 1927. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1106-09 (9th Cir. 2002).

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to CLOSE this case.

Dated this 17th day of June, 2019.

                                        William M. McCool
                                        Clerk

                                        s/Karen Dews
                                        Deputy Clerk